**Rule 1910.16-6.  Support Guidelines.  Adjustments to the Basic Support Obligation.  Allocation of Additional Expenses.**

 Additional expenses permitted pursuant to this Rule 1910.16-6 may be allocated between the parties even if the parties' incomes do not justify an order of basic support.

* * *

(b)    *Health Insurance Premiums.*

(1)    A party's payment of a premium to provide health insurance coverage on behalf of the other party and/or the children shall be allocated between the parties in proportion to their net incomes, including the portion of the premium attributable to the party who is paying it, as long as a statutory duty of support is owed to the party who is paying the premium.  If there is no statutory duty of support owed to the party who is paying the premium, the portion attributable to that person must be deducted from the premium as set forth in subdivision (2) below.  **[Premiums paid by a party to whom no duty of support is owed to cover himself or herself only and that are not necessary to cover the other party or a child as part of a support order shall not be apportioned between the parties.]**  **If, prior to the entry of a divorce decree, a party's policy covers that party, a child and a spouse and the spouse has separate additional coverage not needed to cover the child and/or the other party, the cost of the spouse's insurance premium shall not be allocated between the parties.  If, prior to the entry of a divorce decree, a party provides coverage for that party and a child, but not the spouse, and the spouse has separate coverage, both parties' premiums shall be allocated between the parties in proportion to their respective incomes.  If, prior to the entry of a divorce decree, each spouse has his or her own health insurance that does not cover the other party, and there are no children subject to the order, the cost of both parties' premiums shall be allocated between the parties in proportion to their respective incomes.**  If health insurance coverage for a child who is the subject of the support proceeding is being provided and paid for by a third party resident of either party's household, the cost shall be allocated between the parties in proportion to their net incomes.  If the obligor is paying the premium, then the obligee's share is deducted from the obligor's basic support obligation.  If the obligee is paying the premium, then the obligor's share is added to his or her basic support obligation.  Employer-paid premiums are not subject to allocation.

* * *

(3)    Pursuant to 23 Pa.C.S. § 4326(a), in every support proceeding, the court must ascertain each parent's ability to provide medical support for the parties' children and the support ''order shall include a requirement for medical support to be provided by either or both parents, provided that such medical support is accessible to the children.''

(i)    The **[non-custodial parent] obligor** bears the initial responsibility of providing health care coverage for the children if it is available at a reasonable cost.  "Reasonable cost" to an obligor shall be defined as an amount that does not exceed 5% of the obligor's net monthly income and, when added to the amount of basic child support plus additional expenses the obligor is ordered pay, does not exceed 50% of the obligor's net monthly income.  **If the obligee is providing the coverage, the reasonable amount of the obligor's share shall be defined as an amount that does not exceed 5% of the obligor's net monthly income and, when added to the amount of basic child support plus additional expenses the obligor is ordered to pay, does not exceed 50% of the obligor's net monthly income.**

* * *

(c)    *Unreimbursed Medical Expenses*.  Unreimbursed medical expenses of the obligee or the children shall be allocated between the parties in proportion to their respective net incomes.  Notwithstanding the prior sentence, there shall be no apportionment of unreimbursed medical expenses incurred by a party who is not owed a statutory duty of support by the other party.  The court may direct that the obligor's share be added to his or her basic support obligation, or paid directly to the obligee or to the health care provider.

(1)    For purposes of this subdivision, medical expenses are annual unreimbursed medical expenses in excess of $250 per person . Medical expenses include insurance co-payments and deductibles and all expenses incurred for reasonably necessary medical services and supplies, including but not limited to surgical, dental and optical services, and orthodontia.  Medical expenses do not include cosmetic, chiropractic, psychiatric, psychological or other services unless specifically directed in the order of court.

*Note*:    While cosmetic, chiropractic, psychiatric, psychological or other expenses are not required to be apportioned between the parties, the court may apportion such expenses that it determines to be reasonable and appropriate under the circumstances.

(2)    An annual limitation may be imposed when the burden on the obligor would otherwise be excessive.

(3)    Annual expenses pursuant to this subdivision (c), shall be calculated on a calendar year basis.  In the year in which the initial support order is entered, or in any period in which support is being paid that is less than a full year, the $250 threshold shall be pro-rated.  Documentation of unreimbursed medical expenses that either party seeks to have allocated between the parties shall be provided to the other party not later than March 31 of the year following the calendar year in which the final bill was received by the party seeking allocation.  For purposes of subsequent enforcement, unreimbursed medical bills need not be submitted to the domestic relations section prior to March 31.  Allocation of unreimbursed medical expenses for which documentation is not timely provided to the other party shall be within the discretion of the court.

2

**(4)     If the trier of fact determines that out-of-network medical expenses were not obtained due to medical emergency or other compelling factors, the court may decline to assess any of such expenses against the other party.**

**[(4)] (5)**     In cases involving only spousal support or alimony pendente lite, the parties' respective net incomes for purposes of allocating unreimbursed medical expenses shall be calculated after the amount of spousal support or alimony pendente lite is deducted from the obligor's income and added to the obligee's income.

*Note*:   If the trier of fact determines that the obligee acted reasonably in obtaining services which were not specifically set forth in the order of support, payment for such services may be ordered retroactively.

\* \* \*